# EXHIBIT A

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02073-S3**
**3/17/2021 12:42 PM**
TIANA P. GARNER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Joshua Christopherson**

PLAINTIFF

CIVIL ACTION
NUMBER:_____ **21-C-02073-S3** _____

VS.

**- United Healthcare Insurance**

**Company and John Does 1-5**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

James K Creasy
Gillis & Creasy LLC
2 Ravinia Drive Suite 120
Atlanta, GA 30346  770-394-3127

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ **17TH** _____ day of _____ **MARCH** _____ , 20**21** .

Tiana P. Garner
**Clerk of State Court**

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02073-S3**
**3/17/2021 12:42 PM**
TIANA P. GARNER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOSHUA CHRISTOPHERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. 21-C-02073-S3 |
| UNITED HEALTHCARE INSURANCE | ) | |
| COMPANY, *and*, JOHN DOES 1-5. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW JOSHUA CHRISTOPHERSON** and files this

Complaint showing the Court as follows:

1.

Upon knowledge, information and belief, Defendant, UNITED

HEALTHCARE INSURANCE COMPANY, is a Foreign Corporation.

Service may be perfected on UNITED HEALTHCARE INSURANCE

COMPANY through its Registered Agent for Service of Process:  CT

Corporation System, 289 South Culver Street, Lawrenceville, GA  30046-

4805.   .

2.

JOHN DOE individual(s) and JOHN DOE corporation(s) are those yet unidentified Parties Defendant, who are or may be liable to Plaintiff under the allegations set forth in this Complaint, and are each subject the jurisdiction and venue of this Court.

3.

This Court has jurisdiction over the subject matter, as well as the person of Defendant, *and*, venue is proper herein.

4.

At all times relevant herein, Defendant had a written healthcare insurance contract with Plaintiff.

5.

On or about September 27, 2016 was injured in an automobile collision and, thereafter, received medical care and treatment by various providers.

6.

Despite such medical care and treatment being covered by Plaintiff's healthcare insurance policy with Defendant, Defendant has refused to pay for such covered services.

Plaintiff has been damaged.

7.

On at least two occasions, Plaintiff's attorney requested a copy of the relevant insurance policy but Defendant ignored such requests and has refused to provide Plaintiff or his attorney a copy of the policy.

## Breach of Contract

8.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-7 as if fully set forth *verbatim*, herein.

9.

Defendant has breached its promises and contract with Plaintiff.

## Unjust Enrichment

### 10.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-9 as if fully set forth *verbatim*, herein.

### 11.

Defendant has obtained Plaintiff's money through payment of policy premiums but has failed and refused to pay for a covered loss.

## Bad Faith and Stubborn Litigiousness

### 12.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-11 as if fully set forth *verbatim*, herein.

### 13.

Plaintiff shows that Defendant has acted in bad faith, has been stubbornly litigious, *and*, has caused Plaintiff unnecessary trouble and expense, thereby entitling him to expenses of litigation pursuant to O.C.G.A. §§ 13-6-11, *and*, 9-15-14.

**WHEREFORE**, Plaintiff demands:

A.  That Civil Process issue as provided by law;

B.  That he be awarded Compensatory Damages as provided by law;

C.  That he be awarded Expenses of Litigation and Attorney's Fees as provided by law;

D.  That he have such other additional relief as the Court may consider equitable and/or appropriate given the circumstances of this case.

Respectfully Submitted, this 17th day of March, 2021.

/S/ *James K. Creasy*

_____

James K. Creasy
Georgia State Bar No. 194862
Attorney for Plaintiff

2 Ravinia Drive
Suite 120
Atlanta, GA  30346
770.394.3127

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02073-S3**
**3/17/2021 12:42 PM**
TIANA P. GARNER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOSHUA CHRISTOPHERSON,    )
    )
Plaintiff,    )
    )
vs.    )    CIVIL ACTION
    )    FILE NO. 21-C-02073-S3
UNITED HEALTHCARE INSURANCE )
COMPANY, *and*, JOHN DOES 1-5.    )
    )
Defendants.    )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**COMES NOW JOSHUA CHRISTOPHERSON,** Plaintiff in the

above-captioned matter, and files this Request for Production of Documents

and Notice to Produce to Defendant.  Pursuant to O.C.G.A. § 9-11-34,

Defendant is required to comply with these Code sections by producing and

permitting Plaintiff's attorneys to inspect and copy each of the following

documents within forty-five (45) days after service of this Request on you in

this action.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

(1)    **"Person"** means any natural person, corporation, partnership,

proprietorship, association, organization, or group of persons.

(2)    "**Document**" means all writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control (including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, reports, publications, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, diagrams, plans, specifications, work orders, inspections, quality control records, etc.); every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3)    "**Identify**" means:

(a)    with respect to any "**person**" who is an individual, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last-known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b)    with respect to an institution, business, group or other organization, to provide the current or last-known complete name, address, and telephone number; and

(c)    with respect to any "**document**," to provide (irrespective of whether the **document** is subject to any claim privilege) the title or other means of identification of each such **document**, the date of each **document**, **identify** the author, the names of all recipients of each **document** and **identify** all **persons** who have custody, control, or possession of each such **document** or copies of it.

(4)    "**Claim**" means each and every claim arising out of the Complaint which forms the subject matter of this litigation.

## REQUESTS TO PRODUCE

### 1.

The original Declaration Page or a true, accurate and complete copy of all insurance policies which may provide benefits or coverage to you in connection with the claim which forms the subject matter of this litigation, including but not limited to your complete claims file and claims notes.

2.

All photographs, charts, diagrams, videotapes or other illustrations of any person, place or thing related to the claim which forms the subject matter of this litigation, including, but not limited to Plaintiff, *and*, any real property or personal property related to the incident which forms the subject matter of this litigation.

3.

Copies of all correspondence, letters, memoranda, or other written records or documents provided by Defendant, its agents or its attorneys to:

(a) Any alleged witness.

(b) Any expert you or your attorney intends to call as a witness at trial.

(c) Any judicial, governmental or quasi government agency, body, group or organization contacted with regard to the claim which forms the subject matter of this litigation.

4.

Any diary or log of events or expenses or project log of any type that has been prepared with regard to the claim which forms the subject matter of this litigation.

5.

All written, transcribed and/or recorded statements pertaining to the claim which forms the subject matter of this litigation, specifically including but not limited to Plaintiff or any of his alleged agents.

6.

Copies of all documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

7.

Copies of all documents identified in your Responses to Plaintiff's First Interrogatories served concurrently herewith.

8.

A copy of any report in your possession in regard to Plaintiff's claims or damages.

Respectfully Submitted, this 17th day of March, 2021.

/S/ *James K. Creasy*
_____
James K. Creasy
Georgia State Bar No. 194862
Attorney for Plaintiff

2 Ravinia Drive
Suite 120
Atlanta, GA  30346

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02073-S3**
**3/17/2021 12:42 PM**
TIANA P. GARNER

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOSHUA CHRISTOPHERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. 21-C-02073-S3 |
| UNITED HEALTHCARE INSURANCE | ) | |
| COMPANY, *and*, JOHN DOES 1-5. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PLAINTIFF'S FIRST INTERROGATORIES</u>

**COMES NOW JOSHUA CHRISTOPHERSON,** Plaintiff in the

above captioned matter, and propounds these Interrogatories to Defendant.

Pursuant to O.C.G.A. § 9-11-33, Defendant is required to answer these

Interrogatories separately and fully in writing under oath and to serve a copy

of said answers upon counsel for the plaintiff within forty-five (45) days

after service of these Interrogatories on you in this action.

**<u>NOTE A:</u>**   Defendant shall furnish "such information as is available

to the party." *See*, O.C.G.A. § 9-11-33(a).

**<u>NOTE B:</u>**   These Interrogatories shall be deemed continuing.

Supplemental and amended responses are required to the full extent

provided in O.C.G.A. § 9-11-26(e).

- 1 -

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

(1)    **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)    **"Document"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control (including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, reports, publications, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, diagrams, plans, specifications, work orders, inspections, quality control records, etc.); every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3)    "**Identify**" means:

(a)    with respect to any "**person**" who is an individual, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last-known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b)    with respect to an institution, business, group or other organization, to provide the current or last-known complete name, address, and telephone number; and

(c)    with respect to any "**document**," to provide (irrespective of whether the **document** is subject to any claim privilege) the title or other means of identification of each such **document**, the date of each **document**, **identify** the author, the names of all recipients of each **document** and **identify** all **persons** who have custody, control, or possession of each such **document** or copies of it.

(4)    "**Claim**" means each and every claim arising out of the Complaint which forms the subject matter of this litigation.

## INTERROGATORIES

### 1.

Please provide your date of incorporation, state of incorporation and identify the legal custodian of corporate documents.

### 2.

If Defendant has ever been a party to a lawsuit for insurance coverage or declination of coverage, please identify all persons or entities involved in such lawsuit or proceeding, give the style and number of the case, the nature of the litigation or proceeding, and the court or administrative body before which the suit or proceeding was filed.

### 3.

Please fully describe the factual basis for each defense raised by you in your Answer to Plaintiff's Complaint.

### 4.

Please identify all documents you contend support each defense raised by you in your Answer to Plaintiff's Complaint.

### 5.

Please identify all persons who have knowledge or information relevant to the subject matter of this litigation, *or*, relevant to any claims or defenses raised in this action.

6.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any <u>person</u> with knowledge relevant to this lawsuit, please state the name of each person, <u>identify</u> the person taking each statement, and give the date each statement was taken.

7.

Please <u>identify</u> all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

8.

Please <u>identify</u> all expert witnesses or professional consultants retained or consulted by you, or on your behalf, to make an evaluation or investigation of this lawsuit.

9.

Please <u>identify</u> each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, *and*, provide a summary of the ground for each opinion.

10.

Please <u>identify</u> all persons who to your knowledge, information or belief have investigated any aspect of the subject matter of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please <u>identify</u> any insurance policies that may provide coverage for the claims which form the subject matter of this litigation, by providing the name of the insurer, policy number and available limits.

12.

Please <u>identify</u> all <u>documents</u> consulted, referred to, or otherwise utilized in any way in connection with the preparation of your Responses to these Interrogatories.

13.

Please <u>identify</u> all <u>persons</u> consulted, referred to, or otherwise utilized in any way in connection with the preparation of your Responses to these Interrogatories.

14.

Please <u>identify</u> with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your

contentions which have not already been identified, and give the name and address of the person(s) have possession, custody or control of each thing.

15.

Please <u>identify</u> all other <u>persons</u> not identified elsewhere in your Answers to these Interrogatories who have knowledge or information relevant to the subject matter of this litigation, or, relevant to any claims or defenses raised in this action.

Respectfully Submitted, this 17th day of March, 2021.

/S/ *James K. Creasy*

_____

James K. Creasy
Georgia State Bar No. 194862
Attorney for Plaintiff

2 Ravinia Drive
Suite 120
Atlanta, GA  30346
770.394.3127

- 7 -

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02073-S3**

**4/20/2021 4:24 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JOSHUA CHRISTOPHERSON,** | ) |
| | ) |
| **Plaintiff-Petitioner,** | ) |
| | ) |
| **v.** | ) |
| | )   Civil Action File No.: 21-C-02073-S3 |
| **UNITED HEALTHCARE INSURANCE** | ) |
| **COMPANY, ET AL.,** | ) |
| | ) |
| **Defendant.** | |

## ANSWER TO COMPLAINT

Defendant United Healthcare Insurance Company ("UHIC") answer Plaintiff's Complaint as follows:

1.      Admitted.

2.      No response required from UHIC.

3.      Denied.

4.      Denied.

5.      Admitted.

6.      Answering the allegations of Paragraph 6, UHIC admits that it received claims for reimbursement under Plaintiff's ERISA-governed Group Health Benefit Plan sponsored by Walgreens Co., which UHIC paid in accordance with the terms of the Plan.  Any allegation of Paragraph 6 inconsistent with the foregoing is denied.

7.      Denied.

8.      UHIC incorporates its responses to Paragraphs 1 through 7.

9.      Denied.

10.     UHIC incorporates its responses to Paragraphs 1 through 9.

11.     Denied.

12.     UHIC incorporates its responses to Paragraphs 1 through 11.

13.     Denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint and all claims stated in it are preempted by ERISA, 29 U.S.C. § 1144(a).

### Second Defense

Plaintiff has failed to exhaust mandatory administrative remedies mandated by the terms of the Walgreens Co. Plan.

### Third Defense

UHIC reserves the right to assert additional affirmative defenses as they become known.

Respectfully submitted this 20th day of April, 2021.

*/s/ Tyler P. Bishop*
One of the Attorneys for United Healthcare Insurance Company

OF COUNSEL:
CAVENDER C. KIMBLE
Georgia Bar No. 518816
Balch & Bingham LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
Telephone:     (205) 251-8100
Facsimile:     (205) 226-8799

TYLER P. BISHOP
Georgia Bar No. 566705
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard, N.W., Suite 700
Atlanta, GA 30308
Telephone:     (404) 261-6020
Facsimile:     (404) 261-3656

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this the 20th day of April, 2021, a copy of the foregoing ANSWER TO COMPLAINT was served upon the following by the U.S. Postal Service, properly addressed and postage prepaid as follows:

James K. Creasy
James K. Creasy
2 Ravinia Drive
Suite 120
Atlanta, GA 30346

*/s/ Tyler P. Bishop*
Of Counsel