## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOSHUA CHRISTOPHERSON,

    Plaintiff,

              v.

UNITED HEALTHCARE INSURANCE
COMPANY and JOHN DOES 1–5,

    Defendants.

Civil Action No.
1:21-cv-01611-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant United Healthcare Insurance

Company's (United) motion for judgment on the pleadings or, in the alternative,

to strike the jury demand [ECF 12]. Plaintiff Joshua Christopherson failed to timely

file a response in opposition to United's motion. After careful consideration, the

Court **GRANTS** United's motion for judgment on the pleadings and **DENIES AS**

**MOOT** United's alternative motion to strike.

## I.    BACKGROUND[1]

Christopherson is or was a participant in a group health benefit plan

(the Plan) sponsored by his employer, Walgreens Co.[2] United serves as the claims

---

[1]    In resolving a motion for judgment on the pleadings, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmoving party. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

[2]    ECF 1-2, at 194.

administrator for the Plan.[3] On or about September 27, 2016, Christopherson was injured in an automobile collision.[4] United allegedly failed to pay for the resulting medical care despite it being covered by the insurance policy.[5]

Christopherson filed suit against United in the State Court of Gwinnett County, Georgia, for breach of contract, unjust enrichment, and bad faith and stubborn litigiousness.[6] United timely removed the case, contending that the Plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, and filed its Answer the same day.[7] On May 27, 2021, United moved for judgment on the pleadings or, in the alternative, to strike the jury demand.[8] United argues that Christopherson's claims are preempted by ERISA and must be dismissed.[9]

Christopherson failed to file a response in opposition to United's motion. On June 25, 2021, more than two weeks after the deadline for Christopherson to

---

[3]   *Id.* at 2, 194.

[4]   ECF 1-1, ¶ 5.

[5]   *Id.* ¶ 6.

[6]   *Id.* ¶¶ 4, 6, 8–13.

[7]   ECF 2.

[8]   ECF 12.

[9]   *Id.* at 1–2.

respond, he filed a motion for enlargement of time.[10] Christopherson failed to

provide a justification for his delay in requesting an extension or any legitimate

reason for the Court to allow a belated response.[11] He simply claimed that his

attorney went on vacation after United's motion was filed and that courts had

imposed moratoriums on proceedings in light of the COVID-19 emergency.[12]

Finding these explanations insufficient, the Court denied Christopherson's

motion.[13]

In contravention of the Court's Order, Christopherson's attorney filed an

out-of-time response in opposition to United's motion anyway.[14] The response is

brazenly disrespectful and faults the Court for "stand[ing] on rules and formality"

in refusing Christopherson additional time to respond.[15] The Court will not

---

[10]   ECF 15.

[11]   *Id.* at 1.

[12]   *Id.*

[13]   ECF 17.

[14]   ECF 18.

[15]   *Id.* at 1. In another case before this Court, Christopherson's attorney filed an identical response in opposition, also in violation of the Court's order, likewise disrespectfully criticizing the Court for denying an extension of time. *Meurer v. Humana Emps. Health Plan of Ga., Inc.*, 1:21-cv-01628-SDG. The Court will not tolerate the flagrant disrespect demonstrated by Christopherson's attorney. Any future filing that shows the same contempt for the Court or its rulings will result in sanctions.

consider Christopherson's improperly filed response and considers United's

motion as unopposed. LR 7.1(B), NDGa.

## II.    LEGAL STANDARD

A motion for judgment on the pleadings is governed by the same standard

as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *King v. Akima Glob. Servs.*,

LLC, 775 F. App'x 617, 620 (11th Cir. 2019). In evaluating a motion for judgment

on the pleadings, the Court must "accept all facts in the complaint as true and view

them in the light most favorable to the non-moving party." *Interline Brands, Inc. v.*

*Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir. 2014) (quoting *Cunningham v.*

*Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010)). A party

may move for judgment on the pleadings "[a]fter the pleadings are closed—but

early enough not to delay trial." Fed. R. Civ. P. 12(c).

"Judgment on the pleadings is appropriate when there are no material facts

in dispute, and judgment may be rendered by considering the substance of the

pleadings and any judicially noticed facts." *Hart v. Hodges*, 587 F.3d 1288, 1294 n.4

(11th Cir. 2009) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370

(11th Cir. 1998)). "If it is clear from the pleadings that the plaintiff is not entitled to

relief under any set of facts consistent with the complaint, the district court should

dismiss the complaint." *King*, 775 F. App'x at 620 (citing *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)).

## III.   DISCUSSION

### A.   Consideration of the Plan

United asks the Court to consider the Plan in ruling on its motion. The Plan was not attached to the Complaint but was referred to in it and provides the basis for Christopherson's substantive claims.[16] United attached the Plan as an exhibit to its notice of removal.[17]

Typically, on a Rule 12(c) motion, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). *See also Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."). "But, on a motion for judgment on the pleadings, documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Perez v. Wells*

---

[16]   ECF 1-1, ¶¶ 4, 6–13.

[17]   ECF 1-2.

*Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002) and *Day*, 400 F.3d at 1276).

Christopherson did not dispute removal and has not challenged the authenticity of the Plan attached to the notice of removal. As the Plan is central to Christopherson's claims, the Court will consider it without converting United's motion for judgment on the pleadings to one for summary judgment.

### B.    ERISA Preemption

United argues that Christopherson's state law claims for breach of contract and unjust enrichment are completely preempted and defensively preempted by ERISA. United contends that both causes of action allege that it wrongfully denied Christopherson health benefits under the Plan, which is governed by ERISA, and therefore his claims should have been brought under ERISA's civil enforcement provision. The Court agrees.

"ERISA includes expansive pre-emption provisions, . . . which are intended to ensure that employee benefit plan regulations would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Two types of preemption arise under ERISA: complete preemption and conflict preemption. *Connecticut State*

*Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009).

Complete preemption

> is a judicially-recognized exception to the well-pleaded complaint rule . . . [it] derives from ERISA's civil enforcement provision, § 502(a), which has such "extraordinary" preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Consequently, any cause of action within the scope of the civil enforcement provisions of § 502(a) is removable to federal court.

*Id.* By contrast, conflict preemption, often referred to as defensive preemption, serves as a "substantive defense to preempted state law claims. This type of preemption arises from ERISA's express preemption provision, § 514(a), which preempts any state law claim that 'relates to' an ERISA plan. Because conflict preemption is merely a defense, it is not a basis for removal." *Id.*

### 1.    Complete Preemption

As Christopherson's Complaint does not allege a claim under ERISA, the Court must first determine whether his state law claims are completely preempted, giving the Court subject matter jurisdiction. Courts in the Eleventh Circuit apply a two-part test to determine if a claim is subject to complete preemption under ERISA: "(1) whether the plaintiff could have brought its claim under § 502(a) [ERISA's civil enforcement provision]; and (2) whether no other

legal duty supports the plaintiff's claim." *Conn. State Dental Ass'n*, 591 F.3d at 1345.

For example, when an individual "complain[s] of a denial of coverage for medical

care, where the individual is entitled to such coverage only because of the terms

of an ERISA-regulated employee benefit plan, and where no legal duty (state or

federal) independent of ERISA or the plan terms is violated," the claim is

preempted. *Davila*, 542 U.S. at 210. *See also* 29 U.S.C. § 1132(a)(1)(B) (known as

ERISA's § 502(a)(1)(B), providing that a participant in an ERISA-governed benefit

plan can bring a civil action "to recover benefits due to him under the terms of his

plan").

Christopherson's case is exactly the type described in *Davila*. He alleges that

he had an insurance policy with United and that United refused to pay for medical

care that was covered by that policy.[18] He further asserts that, by refusing to pay

for covered losses, United breached the policy and was unjustly enriched by

accepting Christopherson's policy premiums.[19] Christopherson was allegedly

entitled to those benefits pursuant to an ERISA-governed employee benefit plan.[20]

Therefore, Christopherson is challenging a denial of coverage and should have

---

[18]   ECF 1-1, ¶¶ 4, 7.

[19]   *Id.* ¶¶ 8–11.

[20]   ECF 1-2, at 194.

brought his claims under ERISA § 502(a). *Conn. State Dental Ass'n*, 591 F.3d at 1350 (claims for, *inter alia*, breach of contract and unjust enrichment were completely preempted because they alleged an improper denial of benefits).

Nor do Christopherson's claims for breach of contract and unjust enrichment implicate any other independent legal duty. Claims brought "only to rectify a wrongful denial of benefits promised under ERISA-regulated plans," and nothing more, do not implicate an independent legal duty. *Davila*, 542 U.S. at 214; *Conn. State Dental Ass'n*, 591 F.3d at 1353 (claims of improper denial of medical care are not "predicated on a legal duty that is independent of ERISA").

### 2.    Defensive Preemption

Not only does the Court have jurisdiction over Christopherson's claims because they are completely preempted, those claims must be dismissed because they are also defensively preempted. ERISA's express preemption section states that "the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee welfare benefit plan. . . ." 29 U.S.C. § 1144(a) (emphasis added). Whether a state law "relates to" a plan is a commonsense inquiry; courts need only ask if the law "has a connection with or reference to such a plan." *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) (quotation omitted). Accordingly,

to assess defensive preemption, the Court must examine "whether the claims brought fit within the scope of the state law that Congress understood would survive ERISA." *Morstein v. Nat'l Ins. Servs., Inc.*, 93 F.3d 715, 722 (11th Cir. 1996). Specifically, a "state law claim 'relates to' an ERISA benefit plan . . . whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997).

As is the case here, "if the plaintiff's claims are completely preempted, then they are also defensively preempted." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (cleaned up) (quoting *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999)). *See also S. Fulton Dialysis, LLC v. Caldwell*, 428 F. Supp. 3d 1346, 1355 (N.D. Ga. 2019) ("As this Court has already found that Plaintiff's claims are completely preempted, it so follows that the claims are defensively preempted and therefore due to be dismissed."). To date, Christopherson has chosen to pursue only state-law claims. Because those claims are defensively preempted by ERISA, they must be dismissed.

### C.    Derivative Claims

As Christopherson's substantive claims for breach of contract and unjust enrichment fail, so do his derivative claims for bad faith, stubborn litigiousness, and attorneys' fees under O.C.G.A. §§ 13-6-11 and 9-15-14. *Gilmour v. Am. Nat. Red*

*Cross*, 385 F.3d 1318, 1324 (11th Cir. 2004) (a claim for attorney's fees under O.C.G.A. § 13-6-11 "requires an underlying claim"); *Lawrence v. Direct Mortg. Lenders Corp.*, 254 Ga. App. 672, 676 (2002) (an award under O.C.G.A. § 9-15-14 is only available for successful claims).

## IV.   CONCLUSION

United's motion for judgment on the pleadings [ECF 12] is **GRANTED**. United's alternative motion to strike the jury demand is **DENIED AS MOOT**. Christopherson's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Christopherson is **GRANTED** leave to file an amended complaint within 30 days of this Order. If Christopherson fails to file an amended complaint within this time, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 3rd day of February, 2022.

Steven D. Grimberg
United States District Court Judge